IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHRIS BLUM,                               No  C 09-2286 VRW

    Plaintiff,                         ORDER

    v

INDYMAC MORTGAGE SERVICES, et al,

    Defendants.
_____/

    Plaintiff Chris Blum moves for an order remanding the above-captioned matter to state court. Doc #15. For the following reasons, plaintiff's motion is GRANTED.

I

    On April 30, 2009, plaintiff filed a complaint in state court alleging fraudulent and predatory loan practices. Plaintiff provides evidence that, as early as May 5, defendants Indymac, Washington Mutual Bank and NDEx West, LLC had been served. Doc #16-3. At a hearing in state court on May 12, defendants Indymac and NDEx West, LLC appeared (the latter by telephone). Id.

//

On May 22, OneWest Bank removed the proceeding to this court. Doc #1. In its notice of removal, OneWest Bank indicated that it represents only itself and no other parties. Id.

Plaintiff argues that OneWest Bank's notice of removal was procedurally defective because OneWest Bank failed to obtain joinder or consent of all defendants who had been served at the time of removal and because OneWest Bank failed to provide this court with a copy of all pleadings that had been served upon it. Doc #15 at 3. Plaintiff's motion is unopposed.

II

A defendant seeking to remove an action must do within thirty days of having received the complaint. 28 USC § 1446(b). Where, as here, there are multiple defendants, the rule of unanimity requires that all defendants must join in removal. <u>Barbera v WMC Mortgage Corp</u>, 2009 US Dist LEXIS 25785 (ND Cal) (citing <u>United Computer Sys, Inc v AT&T Corp</u>, 298 F3d 756, 762 (9th Cir 2002); <u>Hewitt v City of Stanton</u>, 798 F2d 1230, 1232-33 (9th Cir 1986); Schwarzer, Tashima, Wagstaffe, <u>Federal Civil Procedure Before Trial</u>, § 2.611 at 2D1.2 (TRG 2008)). Failure to obtain joinder or consent from all proper defendants renders a notice of removal procedurally defective. <u>Beltran v Monterey County</u>, 2009 US Dist LEXIS 21644 (ND Cal).

In the Ninth Circuit, a removing party need not seek joinder of "nominal, unknown or fraudulently joined parties" in removing an action. Id (citing <u>United Computer Sys, Inc</u>, 298 F3d at 762). While this narrow exception includes a defendant that has not been served at the time of removal, "[a] removing defendant

must exercise due diligence to ascertain if other defendants have been served, and simply checking if a proof of service has been filed with the court is insufficient." <u>Orozco v EquiFirst Corp</u>, 2008 WL 5412364, at *1 (CD Cal 2008); <u>Beltran</u>, 2009 US Dist LEXIS 21644.

### III

It is clear on the face of OneWest Bank's notice of removal that all defendants did not join in removal. Doc #1. Despite OneWest Bank's representation that "[i]t is unclear [at the time of removal] as to whether or not any of the remaining parties have been served with the Complaint and summons," Doc #16-8, at least two defendants had already appeared in the matter, see Doc #16-6, and three had been served. Doc #16-3 at 13-28. Given these facts – and the lack of opposition to plaintiff's motion – the court must conclude that OneWest Bank did not perform the requisite due diligence to ascertain if other defendants have been served.

Because the court finds that OneWest Bank's notice of removal was procedurally defective in that it was not joined by all defendants, the court need not consider plaintiff's argument that the notice was also defective for failure to file copies of all pleading which had been served upon it. Doc #15 at 6.

*//*
*//*
*//*
*//*
*//*

IV

For the above reasons, plaintiff's motion to remand (Doc #15) is GRANTED. The hearing scheduled for February 4, 2010 is HEREBY VACATED. The clerk is directed to transfer the file to the Superior Court of California for the County of Sonoma.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge